UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | |
|---|---|
| APRIL WALKER, *on behalf of minor* C.C. : | |
| : | Case No. 1:18-cv-819 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Docs. 14, 15] |
| COMMISSIONER OF SOCIAL SECURITY : | |
| ADMINISTRATION, : | |
| : | |
| Defendant. : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In June 2014, Plaintiff April Walker applied for Social Security disability benefits on behalf of her minor son C.C. In support of the application, Walker claiming her son suffers from intellectual and neurological challenges.[1]

The Social Security Administration denied this application initially and upon reconsideration.[2] After two hearings, an Administrative Law Judge ("ALJ") determined that C.C. was not disabled.[3] The Social Security Appeals Council declined review,[4] making the ALJ's decision the final agency action.

Magistrate Judge Parker issued a report and recommendation ("R&R") recommending that the Court affirm the ALJ's decision.[5] Plaintiff Walker objects.[6] Because Plaintiff objected to Judge Parker's R&R, the Court reviews it *de novo*.[7]

For the following reasons, the Court **SUSTAINS** Plaintiff's objections, **REJECTS** the

---

[1] Doc. 10 at 58.
[2] *Id.*
[3] *Id.* at 55.
[4] *Id.* at 6.
[5] Doc. 14.
[6] Doc. 15.
[7] 28 U.S.C. § 636(b).

R&R, **VACATES** the ALJ's decision, and **REMANDS** this case to the ALJ.

## Discussion

The Court's review of the ALJ's decision is limited to whether the decision was supported by substantial evidence and applied the correct legal standards.[8] A decision is supported by substantial evidence if, considering the entire record, "a reasonable mind might accept the relevant evidence as adequate to support a conclusion."[9]

In determining whether a child is disabled, an ALJ employs a three-step analysis considering: (i) whether the child was involved in substantial gainful activity, (ii) whether the child had severe impairments, and (iii) whether those impairments met or functionally equaled a listed impairment.[10]

The parties only dispute the third step. Specifically, Plaintiff Walker challenges the ALJ's determination that C.C. did not meet "Listing § 112.05B" and did not functionally meet a listed impairment. The Court considers both in turn.

### A. Listing § 112.05B

The Social Security Administration's regulations identify intellectual disorders that qualify as an impairment in Listing § 112.05B.[11] Under § 112.05B, Plaintiff Walker had to show that C.C. had significant subaverage general intellectual functioning: meaning an IQ score of at most 70, or an IQ score of at most 75 with a verbal or performance IQ score of at most 70.[12] She also had to show significant deficits in adaptive functioning: meaning extreme limitations in one, or marked limitations in two, of the following domains:

---

[8] *Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 423 (6th Cir. 2015).
[9] *Id.* at 423–24.
[10] 20 C.F.R. § 416.924(b)–(d).
[11] 20 C.F.R. Part 404, Subpart P, App'x 1, § 112.05B.
[12] *Id.* at § 112.05B(1)(a)–(b).

> 1. Understanding, remembering, and applying information.
> 2. Interacting with others.
> 3. Concentrating, persisting, or maintaining pace.
> 4. Adapting or managing oneself.[13]

The ALJ determined that, even assuming C.C.'s intellectual functioning was significantly subaverage, C.C.'s limitations in these domains were less than marked.[14] Plaintiff Walker argues that the ALJ erred in his analysis of the first and third domains.[15]

The ALJ decision faces the problem that the ALJ inexplicably combined his analysis of the first and third factors, making it impossible to understand his explanation.[16] The regulations presumably keep these factors separate for a reason, and the ALJ's combined discussion does little to promote clarity.

Further muddying the waters, the ALJ conflates three years of medical records. For example, the ALJ relies on a 2017 examination to determine that C.C. was not disabled in 2014.[17] Bluntly, the ALJ makes little effort in tying the evidence to the relevant timespan.

Also, some of ALJ's relied upon evidence has no apparent bearing on the first and third domains. For example, the ALJ states that "[t]he claimant plays video games, and uses computers and tablets."[18] The ALJ further argues that C.C. enjoys fishing, hunting, and playing outside.[19] He even points to the fact that "[t]he claimant attends school"—which is legally required and says nothing about his performance.[20]

Worst of all, some of the ALJ's conclusions are simply inaccurate. The ALJ states that

---

[13] *Id.* at § 112.05B(1)–(2).
[14] Doc. 10 at 63–64.
[15] Doc. 11 at 13–15.
[16] Doc. 10 at 63.
[17] Doc. 10 at 63 (citing a March 2017 Wechsler Intelligence Scale).
[18] *Id.* at 63.
[19] *Id.*
[20] *Id.*

Case No. 1:18-cv-819
Gwin, J.

C.C. attends school with typically developing peers.[21] In fact, C.C. has been enrolled in special education program since 2014. And in the 2017 academic year alone, C.C. received dozens of hours of direct intensive instruction in reading, math, writing, and functional academics.[22] The ALJ's statement suggests that C.C. was receiving an unexceptional education. When, in fact, the school district had determined that C.C. would benefit from extended time to complete tasks, simplified instructions, reduced reading levels, and seating near a teacher.

Additionally, the ALJ determined that "there [was] no evidence of learning barriers [or] repeated grades."[23] Again, untrue. As of 2014, C.C. was unable to receive special education services with nondisabled peers because he requires "a small group in order to provide direct, intensive instruction."[24] Further, in 2014, it seems the local school district determined that C.C. met the state's criteria for being disabled due to developmental delay.[25]

Similarly, a May 2016 evaluation revealed that his reading, alphabet, and math skills were "within the Very Low to Below Average" range.[26] The same evaluation indicated that his community use skills were extremely low, and his communication, functional academics, school living, leisure, and self-direction skills were below average.[27] Finally, C.C. had been diagnosed with Attention Deficit/Hyperactivity Disorder.[28]

---

[21] *Id.*
[22] Doc. 10 at 42.
[23] *Id.* at 63.
[24] *Id.* at 45.
[25] *Id.* at 559.
[26] *Id.* at 33.
[27] *Id.*
[28] *Id.* at 505.

The Court could go on.

In sum, the ALJ boot-strapped later-in-time evidence, merged factors that should have been separate, mischaracterized the evidence, and utterly failed to mention—much less grapple with—the evidence supporting disability. Accordingly, the Court cannot conclude that his decision was supported by substantial evidence.

**B.     Functional Equivalence**

For a claimant's impairments to functionally equal a listed impairment, the claimant must show that he has extreme limitations in one, or marked limitations in two, of the following domains:

1. Acquiring and using information.
2. Attending and completing tasks.
3. Interacting with others.
4. Moving about and manipulating objects.
5. Caring for oneself.
6. Health and physical well-being.[29]

The ALJ determined that C.C.'s limitations were less than "marked" for all six domains.[30] Plaintiff Walker challenges his analysis of the first and second domains.

The ALJ's analysis of C.C. ability to acquire and use information suffers from the same slipshod temporal application discussed above. He again cites to 2016 and 2017 examinations to deny a 2014 disability claim.

Further, the ALJ again presents an otherworldly account of the record. He relies on the fact that C.C. "attended preschool with typically developing peers."[31] Not true. He

---

[29] 20 C.F.R. § 416.926a(b)(1)(i)–(iv).
[30] Doc. 10 at 77.
[31] *Id.* at 63.

Case No. 1:18-cv-819
Gwin, J.

states that "there is no evidence of learning barriers."[32] Not true. And he states that "[t]he claimant was doing overall well in school."[33] Not true. To the contrary, a first-grade report indicates that C.C. was meeting grade level expectations in exactly one subject—music.[34]

Again, the Court cannot conclude that substantial evidence supports the ALJ's decision.

## Conclusion

A perception of fairness is essential to the administrative system. Cherry-picked explanations and mischaracterized evidence undermine that; likely leaving a mother—who is uniquely positioned to observe her child—understandably bewildered by the bureaucracy's decision.

While the ALJ may still determine C.C. was not disabled, his explanation must consider the record as a whole.

For the foregoing reasons, the Court **SUSTAINS** Plaintiff's objections, **REJECTS** the R&R, **VACATES** the ALJ's decision, and **REMANDS** this case to the ALJ.

IT IS SO ORDERED.

Dated: August 22, 2019    s/    *James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[32] *Id.* at 69.
[33] *Id.* at 63.
[34] *Id.* at 19.